MEGHAN BLANCO (238171)
Laww Offices of Meghan Blanco
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
mblanco@meghanblanco.com
(9490 296-9869

Attorneys for Defendant
TORENCE HATCH

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TORENCE HATCH,<br><br>  Defendant. | Case No. 23-CR-1201-CAB<br><br>**RENEWED MOTION TO DISMISS INDICTMENT** |

Defendant Torence Hatch (charged as Torrance Hatch), by and through his counsels of record, respectfully moves this Court for an order dismissing the indictment with prejudice pursuant to the Ninth Circuit's published decision in *United States v. Duarte*, No. 22-50048, __ F.4th.__, No. 22-50048, 2024 WL 2068016 at *1 (9th Cir. May 9, 2024). This motion is made pursuant to Fed. R. Crim. P. 12(b)(3) on the ground that the charged statute, § 922(g)(1), is unconstitutional as applied to Mr. Hatch. This Motion is based on the attached memorandum of points and authorities, all files and records in this case, and any further evidence that may be adduced at a hearing on this motion.

Respectfully submitted,

DATED:  June 3, 2024          By  /s/ *Meghan Blanco*
                                        MEGHAN BLANCO
                                        Attorney for Torence Hatch

//
//
//
//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Ninth Circuit recently decided that 18 U.S.C. § 922(g)(1) is unconstitutional, at least as applied to certain classes of defendants. *United States v. Duarte*, No. 22-50048, --- F.4th.---, No. 22-50048, 2024 WL 2068016 at *1 (9th Cir. May 9, 2024). *Duarte* is directly applicable to this case, and, as the government has elsewhere agreed, is immediately binding on this Court. This Court should dismiss the indictment forthwith.

## II. BACKGROUND

On June 21, 2023 an indictment was returned against Mr. Hatch, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 18. One July 14, 2023, Mr. Hatch moved to dismiss the indictment on grounds that the single charge is unconstitutional as applied to Mr. Hatch. Dkt. No. 37. The Court denied that motion on August 7, 2023. Dkt. No. 43.

## III. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) requires a defendant to file a pretrial motion to challenge a defect in the indictment if the basis for the motion is "then reasonably available and the motion can be determined without a trial on the merits." A motion to dismiss is generally capable of determination "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). When ruling on the motion, "the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

This Motion involves a question of law—the constitutionality of § 922(g)(1) as applied to Mr. Hatch. *See United States v. Carranza*, 289 F.3d 634, 643 (9th Cir. 2002) (noting that the "constitutionality of a statute is a question of law"). And based on the "four corners of the indictment," § 922(g)(1) is unconstitutional as applied to Mr.

2

1 | Hatch, as shown below. Accordingly, the Court should grant the renewed motion to
2 | dismiss.

### IV. ARGUMENT

The Ninth Circuit had previously held in *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010), that the Second Amendment does not apply to convicted felons. But on May 9, 2024, the Ninth Circuit issued a published decision holding that in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 18 (2022), *Vongxay* is no longer good law and that the Second Amendment applies to all citizens, felon or not. *Duarte*, 2024 WL 2068016, at *14. The Court further held that *Vongxay* was overruled by *Bruen*'s required two-step analysis for Second Amendment challenges to firearm regulations: after *Bruen* (and contrary to *Vongxay*'s prior rule), courts assessing the constitutionality of a § 922(g)(1) charge must (1) first ask whether the plain text of the Second Amendment covers the defendant's "person," "arms," and "conduct" and (2) if it does, must conduct *Bruen*'s "historically focused" second step, which "requires the Government to proffer Founding-era felony analogues that are 'distinctly similar' to [the defendant's] underlying offenses and would have been punishable either with execution, with life in prison, or permanent forfeiture of the offender's estate." *Id.* at *5, *24.

After conducting *Bruen*'s two-step analysis, the Ninth Circuit first held that the plain text of the Second Amendment applies to Mr. Duarte because "the text of the Second Amendment confers an individual right to keep and bear arms that belongs to 'all Americans,' not an 'unspecified subset.'" *Id.* at *2 (quoting *Bruen*, 597 U.S. at 70). Next, the Ninth Circuit concluded that § 922(g)(1) is unconstitutional as applied to Duarte because the government failed to show a "distinctly similar" historical analogue to lifetime disarmament of individuals convicted of felonies, at least his predicate offenses. *Id.* at *23-24.

That same analysis applies here, with the same result. Because Mr. Hatch is a U.S. citizen, he is of "the people" to whom the Second Amendment applies. And

3

because the government cannot meet its burden to show a historical analogue to Mr. Hatch's predicate offenses that were punished with a similarly severe punishment to lifetime disarmament at the time of the Founding, § 922(g)(1) is unconstitutional as applied to him. Accordingly, this Court is left with no option under Ninth Circuit precedent: It must dismiss the § 922(g)(1) count with prejudice.

### A. *Bruen*'s first step is satisfied here because *Duarte* squarely held that the Second Amendment applies all U.S. citizens, which includes Mr. Hatch

In *Duarte*, the court explained that the proper approach to determining the constitutionality of § 922(g)(1) is the two-step analysis found in *Bruen*. *Duarte*, 2024 WL 2068016, at *5. *Bruen*'s first step asks courts to decide "whether 'the Second Amendment's plain text covers' (1) the individual, (2) the type of arm, and (3) the 'proposed course of conduct' that are at issue." *Duarte*, 2024 WL 2068016, at *9 (quoting *Bruen*, 597 U.S. at 19, 31-32). If the Second Amendment covers all three, the Second Amendment "'presumptively guarantees'" the defendant's right "to possess a firearm for self defense." *Id.* at 133 (quoting *Bruen*, 597 U.S. at 33, 44 n.11). As was found in *Duarte*, the Second Amendment applies in this case, where the issue is whether the Second Amendment extends to an American citizen's conduct of possessing a firearm.

First, the Ninth Circuit reviewed the Second Amendment's text and history, and held that "the original public meaning of 'the people' in the Second Amendment included, at a minimum, all Americans citizens." *Id.* at *9.[1] Thus, "because [Mr. Duarte] is an American citizen," the Ninth Circuit emphatically held that he "is one of 'the people'" covered by the Second Amendment—regardless of his prior felony

---

[1] The *Duarte* Court also based its decision on U.S. Supreme Court precedent. *See Duarte*, 2024 WL 2068016, at *23 ("*Heller* resolved this textual question when it held that 'the people' includes 'all Americans' because they fall squarely within our 'national community.'"(quoting *District of Columbia v. Heller*, 554 U.S. 570, 580-81 (2009)); *id.* ("*Bruen* expressly reaffirmed that reading.") (citing *Bruen*, 597 U.S. at 70).

4

1 convictions. *Id.* at *9, *24. Likewise, here, Mr. Hatch is an American citizen, and
2 therefore "one of 'the people'" to whom the Second Amendment applies.
3       Second, the Ninth Circuit recognized that "it is undisputed that the Second
4 Amendment protects the arm in this case (a handgun)." *Id* at *9. Because Mr. Hatch
5 was charged with possession of a handgun, the Second Amendment applies to the gun
6 in this case.
7       Third, the Ninth Circuit also recognized as undisputed the Second Amendment's
8 protection of the type of conduct involved here (simple possession). *Id.* at *9.
9       Because step one is satisfied, the Second Amendment "'presumptively
10 guarantees'" Mr. Hatch's "right to possess a firearm for self-defense." *Id.* at *13
11 (quoting *Bruen*, 597 U.S. at 33, 44 n.11).
12 **B.     Under *Duarte*, the government cannot carry its burden to show a**
13 **historical analogue to the predicate offenses here that justify**
14 **permanently depriving Mr. Hatch of his fundamental Second**
15 **Amendment rights.**
16       At step two, the government "'shoulder[s] the burden of demonstrating' . . . that
17 § 922(g)(1) 'is consistent with the Second Amendment's . . . historical scope.'" *Duarte*
18 2024 WL 2068016, at *13 (quoting *Bruen*, 597 U.S. at 44 n.11). The government "must
19 prove that it 'is consistent with this Nation's historical tradition of firearm regulation'
20 for Congress to ban permanently, by making it a felony, a non-violent offender like Mr.
21 Hatch from possessing a firearm even after he has already served his terms of
22 incarceration." *Id.* at *13 (quoting *Bruen*, 597 U.S. at 34).
23       Importatnly, the government cannot meet its step-two burden by proffering
24 evidence of how harshly felonies, in a general sense, were punished at the Founding;
25 rather, the historical analogue must be based on the type and degree of punishment
26 imposed at the Founding for specific offenses the government can show are distinctly
27 similar to those of today. Concerned about the recent trend of modern legislatures
28 liberally reclassifying minor crimes as felonies, the Ninth Circuit explicitly rejected the

5

1 government's position that a person may be held criminally liable under § 922(g)(1)
2 "'simply because'" of a predicate offense that a modern legislature has labeled a felony.
3 *Duarte*, 2024 WL 2068016, at *23. To do so "'expand[s]' the historical felony category
4 'far too broadly.'" *Id.* at 23 (quoting *Bruen*, 597 U.S. at 31). A "more faithful
5 application of *Bruen* requires the Government to proffer Founding-era felony analogues
6 that are 'distinctly similar' to [the defendant]'s underlying offenses and would have
7 been punishable either with execution, with life in prison, or permanent forfeiture of the
8 offender's estate." *Id.* at *24 (quoting *Bruen*, 597 U.S. at 27). Therefore, the Ninth
9 Circuit analyzed the government's historical evidence (and lack thereof) for *each* of
10 Mr. Duarte's underlying felony convictions, which included vandalism, felon in
11 possession of a firearm, drug possession, and evading a peace officer. *Id.* It concluded
12 that the government failed to meet its burden in showing that those offenses "were, by
13 Founding era standards, of a nature serious enough to justify permanently depriving him
14 of his fundamental Second Amendment rights." *Id.* Specifically, the Court held two of
15 those predicate offenses—vandalism and felon in possession of a firearm under Cal.
16 Penal Code § 29800(a)(1)—would either have been misdemeanors at the Founding
17 (vandalism) or did not exist at the Founding (felon in possession of a firearm). It further
18 held that Duarte's two remaining prior felony convictions—for drug possesson and
19 evading a police officer—also could not support his conviction under § 922(g)(1)
20 because the government had failed to proffer evidence that "either crime traces back to
21 an analogous, Founding-era predecessor." *Id.* at 24.
22    Similarly, here, because the government will be unable to show historical
23 analogues that are "distinctly similar" to Mr. Hatch's predicate offenses that were
24 punished with execution, life in prison, permanent forfeiture of the offender's estate, or
25 lifetime disarmament (or any other punishment of a serious enough nature), § 922(g)(1)
26 is unconstitutional as applied to him under *Bruen*.

6

### C. *Duarte* is binding precedent that "must be followed" without delay.

Even though *Duarte* is a published opinion, the government might ask this Court can ignore it, or delay a decision, until the Ninth Circuit decides whether to rehear the case *en banc*, or until any en banc proceedings conclude. But, as the government conceded in its petition to rehear *Duarte* en banc, "The decision is precedential even before the mandate issues." United States' Petition for Rehearing En Banc, *United States v. Duarte*, Ninth Cir. No 22-50048, Dkt. No. 72 at 19. Indeed, the Ninth Circuit has explicitly held, under similar circumstances that "a published decision of this court constitutes binding authority 'which must be followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012)). In other words, to argue that a decision is not binding until the mandate has issued is "mistaken." *Id*.

*Duarte* is currently binding on this Court and compels the conclusion that the charge in this case violates the United States Constitution. The indicmtent should be dismissed forthwith.

## V. CONCLUSION

For the foregoing reasons, § 922(g)(1) is unconstitutional as applied to Mr. Hatch and he respectfully requests that the Court dismiss the § 922(g)(1) charge.

Respectfully submitted,

DATED: June 3, 2024          By  /s/ Meghan Blanco
                                 MEGHAN BLANCO
                                 Attorney for TORENCE HATCH